UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY VARTANIAN,<br><br>        Plaintiff(s),<br><br>    v.<br><br>WILLIAM RICHARD DALRYMPLE,<br><br>        Defendant(s).<br>_____/ | No. C-14-00665 DMR<br><br>**ORDER GRANTING MOTIONS TO DISMISS [DOCKET NOS. 9 AND 12], DENYING MOTION TO STRIKE [DOCKET NO. 23] AND DISMISSING CASE WITH LEAVE TO AMEND** |

Before the court are two motions to dismiss, one filed by Defendant William Richard Dalrymple and the other filed by Defendant Brandy Mathers. ["Dalrymple MTD," Docket No. 9; "Mathers MTD," Docket No. 12.] Plaintiff Gregory Vartanian is proceeding *pro se*. Pursuant to Civil L.R. 7-1(b), the court determines that this matter is proper for resolution without oral argument. For the reasons stated below, the motions to dismiss are **granted.**

## I. BACKGROUND

**A. Motions to Dismiss and Amended Complaint**

Dalrymple filed his motion to dismiss on March 10, 2014. According to this district's local rules, Plaintiff's response was due on March 24, 2014. *See* N.D. Cal. Civ. L.R. 7-3. Plaintiff did not file a response by that date. On March 31, 2014, this court issue an order to show cause requiring Plaintiff to respond by April 10, 2014 to explain his failure to respond to the Dalrymple MTD and to either (1) submit his opposition to the court or (2) file a statement of non-opposition to the

1  Dalrymple MTD.  The court noted that if Plaintiff did not respond by April 10, 2014, the Dalrymple
2  MTD may be granted.
3       Mathers filed her motion to dismiss on March 19, 2014.  Plaintiff's response to the Mathers
4  MTD was due on March 24, 2014, but Plaintiff did not file a response by that date.  On April 9,
5  2014, this court issue an order to show cause requiring Plaintiff to respond by April 18, 2014 to
6  explain his failure to respond to the Mathers MTD and to either (1) submit his opposition to the
7  court or (2) file a statement of non-opposition to the Dalrymple MTD.  The court noted that if
8  Plaintiff did not respond by April 18, 2014, the Dalrymple MTD may be granted.
9       On April 11, 2014, Plaintiff filed an amended complaint.  Am. Compl. [Docket No. 18].  On
10 the same day, Plaintiff filed responses to the two orders to show cause, both of which state: "Having
11 filed a First Amended Complaint in this action . . . renders [sic] the Defendants' Motion to Dismiss .
12 . . on the original complaint moot."  [Docket Nos. 19 and 20.]

**B. Factual Allegations**

14      In both the complaint and amended complaint, Plaintiff alleges the following facts:
15 beginning March 28, 2013, Plaintiff entered into an agreement with Mathers for the rental of a
16 property (the "Property") located on 214 Hilton Street in Redwood City, California.  Compl. at 2-3;
17 Am. Compl. at 2-3.  The agreement was for a month-to-month tenancy beginning on March 28,
18 2013, with rent set at $700 per month.  Compl. at 3; Am. Compl. at 3.  The Property was managed
19 by Mathers and owned by Dalrymple.  Compl. at 2; Am. Compl. at 2.
20      Plaintiff alleges that Mathers has forcibly entered Plaintiff's room, searched through his
21 belongings, and "removed Plaintiff's personal property with the intent to deprive Plaintiff of
22 possession."  Compl. at 3; Am. Compl. at 3.  While Plaintiff does not specify when Mathers entered
23 the Property, Plaintiff alleges that Mathers did so "at least eight (8) times," beginning "as early as
24 April [2013]."  Compl. at 3, 4; Am. Compl. at 3, 4.  On December 22, 2013, Plaintiff complained to
25 Defendants of the habitability of the Property.  Compl. at 3; Am. Compl. at 3.  On January 7, 2014,
26 after 38 days without water on the Property, Plaintiff filed a complaint with the City of Redwood
27 City, which sent an inspector to the Property.  Compl. at 3; Am. Compl. at 3.  Redwood City
28 determined that there was no water at the Property, "there was cat feces everywhere and other Code

violations." Compl. at 3; Am. Compl. at 3.  After the inspector contacted Dalrymple regarding the code violations, Dalrymple advised Mathers of Redwood City's report, and Mathers then "in a violent matter [sic] threatened Plaintiff with eviction for reporting violations . . . ."  Compl. at 3; Am. Compl. at 3.

Both the complaint and the amended complaint bring nine causes of action against Mathers, Dalrymple, and Doe Defendants 1-20: a violation of 42 U.S.C. § 1983, for Mathers' forcible entry onto the Property; violation of 42 U.S.C. § 1985; and state law claims for breach of warranty, negligent or intentional infliction of emotional distress, nuisance, negligence, unfair business practices, trespass, and retaliatory eviction.

## II. LEGAL STANDARD

When reviewing a motion to dismiss for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief."  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).  In other words, the facts alleged to demonstrate an "entitle[ment] to relief require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2005) (brackets in original) (quotation marks omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." (citation omitted)).  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Since *Twombly,* the Supreme Court has reaffirmed that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler,* 627 F.3d 338,

3

342 (9th Cir.2010) (citing *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam)). While the pleading standard may be higher after *Twombly* and *Iqbal*, the courts' "obligation" remains, such that "where the petitioner is *pro se,* particularly in civil rights cases," the court must "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.* (citations omitted).

A party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

## III. DISCUSSION

### A. Amended Complaint

As noted above, Federal Rule of Civil Procedure 15 permits a plaintiff to file an amended complaint as a matter of course (that is, without seeking permission from the court) under two circumstances, one of which Plaintiff seeks to invoke. Rule 15(a)(1)(B) permits a plaintiff to file an amended complaint "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Thus, Plaintiff had 21 days after the service of each motion to dismiss to file an amended pleading without leave of court. According to this rule, the last day Plaintiff could have filed an amended complaint in response to the Dalrymple MTD without Defendants' consent or the court's leave was March 31, 2014, and the last day Plaintiff could have filed an amended complaint in response to the Mathers MTD without Defendants' consent or the court's leave was April 9, 2014. Plaintiff untimely filed the amended complaint on April 11, 2014. Plaintiff has not obtained Defendants' consent to file an amended complaint. However, having received and reviewed the amended complaint, the court grants leave for Plaintiff's amendment.[1]

---

[1] Because the court grants Plaintiff leave to file the amended complaint, Defendant Dalrymple's motion to strike the amended complaint [Docket No. 23] is denied as moot.

**B. Motions to Dismiss**

However, the amended complaint does not cure the deficiencies of Plaintiff's original complaint. Even accepting the allegations in Plaintiff's amended complaint as true, Plaintiff has failed to state any federal claims and has therefore failed to state a basis for this court's subject matter jurisdiction. This dispute is essentially a state law landlord-tenant dispute. Despite Plaintiff's statement that this court has federal question jurisdiction under 28 U.S.C. § 1331 because he has pleaded claims under 42 U.S.C. §§ 1983 and 1985, federal question jurisdiction does not exist here.

Plaintiff's claim under 42 U.S.C. § 1983 fails because Plaintiff has failed to plausibly assert that any Defendant was acting under the color of state law. *See* 42 U.S.C. § 1983 (providing that if a person acting under color of state law subjects a citizen of the United States "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," that person will be liable to the party injured); *West v. Atkins*, 487 U.S. 42, 49 (1988) (a person acts under color of law for purposes of 42 U.S.C. § 1983 if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law") (quotation omitted). Despite Plaintiff's new allegation in the amended complaint that Mathers' forcible entry onto the Property "in the act of attempting the service of civil process," was an act "under color of law," Am. Compl. at 4, the allegation is implausible in light of other allegations that Mathers is a private property manager who was acting at all times in that capacity.

Plaintiff has also failed to state a claim under 42 U.S.C. § 1985. Section 1985 prohibits certain categories of conduct by persons acting in conspiracy. Plaintiff has not specified which provisions of Section 1985 he relies on. Plaintiff alleges that Mathers and Dalrymple violated Section 1985 by conspiring to evict him in retaliation for "bringing known violations of law to the attention of lawful proper authorities." Compl. at 4; Am. Compl. at 4. Based on these allegations, it appears that only Sections 1985(2) and 1985(3) are possibly relevant.

Section 1985(2) allows a person to file a lawsuit where "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or

to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]" It is well-settled that to state a claim under this clause, the "equal protection" language requires Plaintiff to allege a class-based animus. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993).

Section 1985(3) "was enacted by the Reconstruction Congress to protect individuals—primarily blacks—from conspiracies to deprive them of their legally protected rights." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). "To bring a cause of action successfully under § 1985(3), a plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Id.* (citing *United Brotherhood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 828-29 (1983)). "Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* (citing *Griffith v. Breckenridge,* 403 U.S. 88, 102 (1971)). To the extent that the amended complaint can be construed as alleging that the actions of Defendants constituted a conspiracy to deprive Plaintiff of his rights in violation of Section 1985, Plaintiff has failed to allege that Defendants did so because he was a member of a protected class. Plaintiff has therefore failed to state a claim under either Section 1985(2) or Section 1985(3).

Thus, both the original and the amended complaint fail to state federal claims. Because the court does not have original jurisdiction, it also does not have supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

## IV. CONCLUSION

For the reasons stated above, the motions to dismiss are **granted**. Having already accepted an amended complaint, the court hereby grants Plaintiff leave to amend the complaint one more time, only to the extent that he can address the insufficiencies noted in this order. Any second amended complaint must be filed by **May 7, 2014.** Failure to file a second amended complaint by this date may result in dismissal of this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: April 28, 2014



DONNA M. RYU
United States Magistrate Judge

United States District Court
For the Northern District of California

7